UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE No.: 1:24-cv-22167-JB

REYUANA GARDNER,

    Plaintiff,
v.

CITRUS HEALTH NETWORK, INC.
A Florida Not for Profit Corporation,

    Defendant.
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

The Plaintiff, REYUANA GARDNER, ("Plaintiff"), by and through the undersigned counsel, and pursuant to Rule 12, Federal Rules of Civil Procedure, Responds in Opposition to Defendant CITRUS HEALTH NETWORK, INC.'s, ("Defendant"), Motion to Dismiss previously filed in State Court. Plaintiff states the following in support thereof;

**I.     Introduction and Relevant Facts**

1. Plaintiff was terminated from her employment with the Defendant on or about August 4, 2020.

2. On or about December 16, 2020, the Plaintiff submitted a Charge of Discrimination ("CoD"), with the Equal Employment Opportunity Commission ("EEOC"), which started the clock on the EEOC's investigation into Defendant's discriminatory actions.

3. Approximately a year after the EEOC commenced its investigation the EEOC issued a Notice of Right to Sue ("NRTS"), to the Plaintiff on December 17, 2021. (See Ex. No. 1).

4. The EEOC stated as follows in the NRTS;

1

> The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

(Ex. 1; NRTS). The notice also provides the statute of limitations period for the filing of a lawsuit premised on the Charge of Discrimination; "Your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)" (*Id.*)

5. The Plaintiff timely filed her Complaint on or about December 28, 2021, and less than a month after receipt of the NRTS. (See DE 1 – 2, pp. 5 – 11).

6. On or about October 6, 2023, the The Circuit Court of The Eleventh Judicial Circuit In And For Miami-Dade County, Florida, dismissed the Action *without prejudice for failure to get service*.

7. Thereafter, Plaintiff moved to reopen the case and was allowed to proceed forward with service on Defendant. (See generally LT No. 21 – 31).

8. In fact, on March 1, 2024, the Circuit Court Judge issued an order Re-Opening the case and granted Plaintiff's Motion for Extension of Time to serve Defendant allowing 90 days to serve Defendant from March 1, 2024.

9. On April 2, 2024, Plaintiff successfully served Defendant perfecting service on April 2, 2024.

10. Defendant, rather than move to timely quash service, now claims that Plaintiff's cannot show good cause for a delay in service.

11. This argument should fail as the circuit court judge allowed for the extension of time

for service and Plaintiff served Defendant timely.

12. Defendant's claims that Plaintiff's Complaint is time barred are without merit and premised on an incorrect interpretation of law.

13. Plaintiff's First Amended Complaint is not barred by any statute of limitations and further, the Plaintiff's Complaint is sufficiently pled

14. As such, Defendant's argument that Plaintiff's Amended Complaint should be dismissed should be denied.

15. Defendants additional arguments based on failure to state a claim are addressed below and should be denied.

II.   **Argument and Incorporated Memorandum of Law**

A.  **Legal Standard**

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the complaint allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679. Yet, where the allegations "possess enough heft" to suggest a plausible entitlement to relief, the case may proceed. *See Twombly*, 550 U.S. at 557. "[T]he standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the required element," *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008) (citation omitted), "[a]nd, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (citation omitted).

**B. Defendant's Motion to Dismiss should be denied because Plaintiff's claims are not barred by the applicable statute of limitations.**

Plaintiff had four years to file the claim from the date of the harm and/or within 90 days of the right to sue and both were satisfied by Plaintiff. The stated purpose of the FCRA is "to secure for all individuals within the state freedom from discrimination because of race, color, religion, sex, national origin, age, handicap, or maritalstatus." § 760.01(2), Fla. Stat. (2023). The Legislature has specifically declared that the FCRA "shall be liberally construed to further the general purposes stated in this section." § 760.01(3). In *Joshua v. City of Gainesville,* 768 So.2d 432 (Fla. 2000), the Florida Supreme Court explained:

> The statute's stated purpose and statutory construction directive are modeled after Title VII of the Civil Rights Act of 1964. Like Title VII, chapter 760 is remedial and requires a liberal construction to preserve and promote access to the remedy intended by the Legislature. Section 760.01(2) outlines the general purposes of theAct which include securing freedom from discrimination for all individuals and preserving the general welfare of all.

4

*Id.* at 435 (citations omitted).

As a prerequisite to bringing a civil action based upon an alleged violation of the FCRA, the claimant is required to file a complaint with the EEOC within 300 days or with the FCHR within 365 days of the alleged violation. *See* § 760.11(1). Under section 760.11(3), the FCHR is then required to determine within 180 days whether or not reasonable cause of discrimination exists. Subsection (3) provides in full:

> Except as provided in subsection (2), the commission shall investigate the allegations in the complaint. Within 180 days of the filing of the complaint, the commission shall determine if there is reasonable cause to believe that discriminatory practice has occurred in violation of the Florida Civil Rights Act of 1992. When the commission determines whether or not there is reasonable cause, **the commission by registered mail shall promptly notify the aggrieved person and the respondent of the reasonable cause determination, the date of such determination, and the options available under this section.**

§ 760.11(3), Fla. Stat. (2023) (emphasis added). Here no such notice was ever provided to either Plaintiff or Plaintiff's counsel as to any determination made by the commission, nor was there ever any notice as to the issuance of the Notice of Right to Sue by the EEOC. If the FCHR makes a "reasonable cause" determination, section 760.11(4) provides the claimant with two options: he may (1) bring a civil action or (2) request an administrative hearing. Subsection (4) provides in full:

> In the event that the commission determines that there is reasonable cause to believe that a discriminatory practice has occurred in violation of the Florida Civil Rights Act of 1992, the aggrieved person may either:
> (a) Bring a civil action against the person named in the complaint in any court of competent jurisdiction; or
> (b) Request an administrative hearing under ss. 120.569 and 120.57.
> The election by the aggrieved person of filing a civil action or requesting an administrative hearing under this subsection is the exclusive procedure available to the aggrieved person pursuant to this act.

§ 760.11(4), Fla. Stat. (2023).

On the other hand, under section 760.11(7), if the FCHR makes a determination that there is no reasonable cause ("no cause"), the claimant may request an administrative hearing, but must do so within 35 days of the date of the "no cause" determination. If the request is not made within 35 days, the claim is barred.

Finally, if the FCHR fails within 180 days to make a determination either way regarding whether reasonable cause exists, section 760.11(8) states that the claimant may proceed under subsection (4) as if the FCHR made a "reasonable cause" determination. Subsection (8) provides in full:

> In the event that the commission fails to conciliate or determine whether there is reasonable cause on any complaint under this section within 180 days of the filing of the complaint, an aggrieved person may proceed under subsection (4), as if the commission determined that there was reasonable cause.

§ 760.11(8), Fla. Stat.

Here, the EEOC provided that Plaintiff could file the Complaint within 90 days of the issuance of Notice of Right to Sue—the Plaintiff in fact filed her Complaint in less than a month's time from the issuance of the NRTS.

First, Defendant asserts that a one-year statute of limitations applies for a cause of action which accrued prior to the legislative amendment of the Florida Civil Rights Act which substantively shortened the statute of limitations after a FCHR determination from four years to one year. In the case of no FCHR determination at all, the statute of limitations remains the same. Moreover, substantive legislative amendments to statutes apply prospectively only, not retroactively to causes of action which accrued prior to the legislative amendment.

6

Second, Defendant misconstrues whether a federal EEOC "Right to Sue" is the same as a state FCHR determination, because each entity is governed by the work-sharing agreements between the federal and state agency.[1]

**A. Plaintiff's FCRA Claims Are Timely.**

Defendant's argument that a one-year statute of limitations applies to FCRA claims which accrued prior to the legislative amendment is misplaced. While Defendant relies on the 11th Circuit affirming *Henry*,[2] for whatever reason, the appellant did not argue the prospective-only application of the legislative amendment to the FCRA. There is nothing in the amendment which indicates that the legislature intended the amendment to apply retroactively. Plaintiff's claims arose well before the legislature shortened the statute of limitations; therefore the four-year statute still applies. *Foley v. Morris*, 339 So. 2d 215 (Fla. 1976). Generally, the question of whether a claim is barred by the statute of limitations is best raised as an affirmative defense in the answer, rather than in a motion to dismiss. *Persaud v. Bank of Am., N.A.,* No. 14-21819-CIV, 2014 WL 4260853, at *11 (S.D. Fla. Aug. 28, 2014) *citing Spadaro v. City of Miramar,* 855 F.Supp.2d 1317, 1328 (S.D. Fla. 2012) (citing *Cabral v. City of Miami Beach,* 76 So.3d 324, 326 (Fla. 3d D CA 2011)). However, if facts on the face of the pleadings show that the statute of limitations bars the action, the defense can be raised by motion to dismiss. *Mayor's Jewelers, Inc. v. Meyrowitz*, No. 12-80055-CIV, 2012 WL 2344609, at *2 (S.D. Fla. June 20, 2012) citing *Cabral v. City of Miami Beach,* 76 So.3d 324, 326 (Fla.Dist.Ct.App.2011); *see also Tello v. Dean Witter Reynolds, Inc.,* 410 F.3d 1275, 1288 (11th Cir.2005) (noting that the granting of a motion to dismiss on statute of limitations grounds is appropriate if it is apparent from the face of the complaint that the claim is time-

---

[1] *Segura v. Hunter Douglas Fabrication Co.*, 184 F.Supp.2d 1227 (M.D. Fla. 2002).
[2] *Henry v. Examworks Inc,* 2020 WL 10647041 at *3 (M.D. Fla. Mar. 4, 2020), reconsideration denied, 2020 WL 10646845 (M.D. Fla. Apr. 30, 2020), aff'd, 2021 WL 3440698 (11th Cir. Aug. 6, 2021).

barred).  Moreover, "At the motion-to-dismiss stage, a complaint may be dismissed on the basis of a statute-of-limitations defense only if it appears beyond a doubt that Plaintiffs can prove no set of facts that toll the statute." *Lindley v. City of Birmingham, Ala.,* 515 F. App'x 813, 815 (11th Cir. 2013) (alteration added) (quoting *Tello v. Dean Witter Reynolds, Inc.,* 410 F.3d 1275, 1288 n. 13 (11th Cir. 2005)).  Here, there are no facts within the face of the complaint which bar the cause of action at bar.

B. **An EEOC Dismissal and Notice of Rights On the Basis That It Was "Unable to Conclude" Whether A Violation Occurred Does NOT Constitute a Cause Determination—Reasonable or Otherwise—Under The FCRA, And Thus Such Claims Are Subject to Only a Four-Year Statute of Limitations.**

"First, it is important to note that a claim made under one of the civil rights statutes is not the same cause of action as a claim made under another." *Santini v. Cleveland Clinic Florida*, 843 So. 2d 1029, 1033 (Fla. 4th DCA 2003). The *Santini* court went on to outline the importance of recognizing these distinctions:

> The claims arise from separate rights recognized and protected by different sovereigns. *Andujar v. Nat'l Prop. and Cas. Underwriters,* 659 So.2d 1214, 1217 (Fla. 4th DCA 1995). Both the local and the federal agency levels apply their own civil rights legislation to determine, under their separate acts, whether a civil rights violation has occurred. Here, resolutions of both federal and local claims were based on the August 5, 1997 Order of Determination of the local agency.
>
> The claim made under the state statute is an entirely separate cause of action. The state's notice of any determination, as to whether reasonable cause exists for finding a violation of a complainant's civil rights under the Florida Civil Rights Act, must be provided within 180 days of the filing of the state complaint. § 760.11(3), Fla. Stat. If the state fails to provide timely notice within 180 days, the aggrieved person may proceed to Circuit Court. §§ 760.11(4),(8), Fla. Stat.
>
> However, the Clinic would further have us infer that the federal agency's Form 161 provided Dr. Santini with an adequate "no cause" determination of the state claim. The Florida Supreme Court recently considered (after this trial judge's ruling) whether the federal Form 161 Dismissal and Notice of Rights received by a civil rights claimant satisfied the requirements of notice of a "no cause" determination under Florida's Civil Rights Act. In *Woodham,* the Court settled this issue by focusing on the Legislature's requirement in § 760.01(3), Fla. Stat., that the

8

protections of this statute are to be "construed according to the fair import of its terms and shall be liberally construed to further the general purposes stated in this section and the special purposes of the particular provision involved." *Woodham,* 829 So.2d at 894.

The Supreme Court reasoned that such construction is based on the remedial purposes of the Florida Civil Rights Act and requires a "specific finding of lack of reasonable cause before an individual is stripped of her right of access to the courts for redress against discrimination." *Id.* at 896 (citing *Cisko v. Phoenix Med. Prods., Inc.,* 797 So.2d 11, 13 (Fla. 2d DCA 2001)); *cf. White v. City of Pompano Beach,* 813 So.2d 1003 (Fla. 4th DCA 2002) (federal Form 161 failed to satisfy the notice requirement of § 760.01(3) because the federal form did not determine if such reasonable cause existed.) Under this public policy purpose the Court stressed that "because § 760.11(7) purports to abridge an individual's right to access to the courts, that section must be narrowly construed in a manner that favors access." *Woodham,* 829 So.2d at 897. The Supreme Court concluded that "the language of § 760.11(7) requires a *specific determination* `that there is no reasonable cause' to believe a violation occurred" *Id.* (emphasis supplied).

The Clinic nonetheless argues that this fact setting is different in that the federal agency here made an explicit "no cause" determination which the federal agency did not do in *Woodham.* But, here also the federal agency determined only that it was adopting the local determination that no reasonable cause existed under the Federal act. Significantly, neither the federal or local agency made a determination as to the *state* civil rights claim. Under the Florida Supreme Court's rationale in *Woodham* (and our holding in *White*) we conclude that the federal Form 161 is not adequate notice to Dr. Santini that her state discrimination claim had been determined so as to require her to file a lawsuit in state court within thirty-five days.

Finally, we find that the federal Form 161 provided only further options under the federal statute and did not provide the legislatively-required due process notice information to Dr. Santini of the state statutory options available to her when the local Broward agency dismissed her complaint. As the Florida Supreme Court required in *Woodham:*
> ... the Florida Commission on Human Rights [must] inform the claimant of the "possible next steps that can be taken."

*Id.* at 897. To hold to the contrary would be in direct conflict with and would ignore the statutory mandate of section 760.11(3), Florida Statutes, which requires notice of both the decision, and the process.

*Santini*, 843 So. 2d at 1033-34.

On this analysis, it is clear that determinations issued by the EEOC are not the same as determinations issued by the FCHR and thus do not implicate the statutory operation suggested by

9

Defendant. Notably, the Second DCA has also held as such in *Jones v. Lakeland Regional Medical Center*:

> [T]he record in this case reflects that the FCHR never entered its determination in the case. The trial court's order stated that the EEOC's adverse determination had the same effect as an adverse determination by the FCHR and, unless and until reversed by the FCHR, the EEOC's determination barred Jones's claim. We conclude that portion of the trial court's order was also error.

805 So. 2d 940, 941 (Fla. Dist. Ct. App. 2001). The court went on to base its reasoning on language in the Worksharing Agreement between the EEOC and FCHR which indicated that, though these agencies had designated each other as agents for purposes of accepting and investigating charges of discrimination, each retained its own discretion with respect to issuing cause determinations. *Id*. Simply put, "[a] determination by the EEOC is not a determination by the FCHR." *Mitchell v. Palm Beach County School Bd.*, 127 So. 3d 707, 708 fn. 1 (Fla. 4th DCA 2013).

In conclusion, the retroactive application of the legislative amendment to the case at bar is inappropriate. All of the facts and circumstances that formed the basis for Plaintiff's claims for which he is seeking relief occurred well before the amendment and the same is true of the filing of Plaintiff's Charge of Discrimination. In addition, because Plaintiff has generally pled compliance with conditions precedent, the burden has shifted to Defendant to deny those facts in a *responsive pleading*—not a motion to dismiss. The Court must accept Plaintiffs general allegation as true and it cannot consider extrinsic evidence at this stage of the case. Defendant is certainly free to raise the issue at any time on a motion for summary judgment or judgment on the pleadings. Lastly, even if the Court does consider Defendant's arguments, the evidence and applicable precedent clearly demonstrates that no cause determination was made within 180 days of Plaintiff filing his Charge of Discrimination; and as such, the instant case which was filed within the four-year statute of

limitations is not subject to dismissal on the basis of timeliness. For the foregoing reasons, Plaintiff respectfully asks the Court that Defendant's motion be denied.[3]

"[A] plaintiff must timely file a charge of discrimination with the Florida Commission on Human Relations prior to filing suit alleging violations of the FCRA." Curry v. Bank of Am., N.A., No. 8:11-CV-1904-T-33MAP, 2012 WL 5989351, at *2–3 (M.D. Fla. Nov. 29, 2012)(citing Gillis v. Sports Authority, Inc., 123 F.Supp.2d 611, 615 (S.D. Fla. 2000)); Fla. Stat. Ann. § 760.11. "In lieu of filing the complaint with the commission, a complaint under this section may be filed with the federal Equal Employment Opportunity Commission." Fla. Stat. Ann. § 760.11. The employee's next course of action is dictated by the FCHR's decision. If the FHCR determines that there is reasonable cause to believe that a discriminatory practice has occurred, the employee may file a civil action or request an administrative hearing. Fla. Stat. Ann. 760.11(4). If the FCHR determines that there is not reasonable cause to believe that a violation occurred, the Commission will dismiss the complaint, and the employee may request an administrative hearing within 35 days. Fla. Stat. Ann. 760.11(7). Failure to meet the 35-day deadline in the latter scenario will bar the employee's claims. Fla. Stat. Ann. 760.11(7). Finally, if the FCHR fails to make a determination within 180 days, the Commission shall promptly notify the employee of its failure to make a determination and advise them that they may either (1) file a civil action within one year of the date the commission certifies that the notice was mailed, or (2) request an administrative hearing. Fla. Stat. Ann. 760.11(8)(b).

The scenario at hand does not fall squarely into any of the categories enumerated in the statute. Here, the FCHR made no determination within the 180-day window and provided no notice of

---

[3] If the Court should disagree with this response and decide to dismiss the First Amended Complaint, Plaintiff respectfully seeks leave to file a Second Amended Complaint.

Plaintiff's right to file suit within one year or to request an administrative hearing. Plaintiff did, however, receive a "right to sue" letter from the EEOC which stated it was unable to conclude whether a violation occurred and provided notice of Plaintiff's options for moving forward on her federal claims, but not her FCHR claims.

Defendant argues Plaintiff had one year from the receipt of the EEOC letter to file suit, and therefore, Plaintiff's claims are time-barred. In support thereof, Defendant cites Woodham v. Blue Cross & Blue Shield of Florida, Inc., 829 So.2d 891, a 2002 opinion wherein the Florida Supreme Court addressed an employee's FCHR claim filed after the employee received a notice of dismissal and right to sue letter from the EEOC. The facts in *Woodham* are similar to those underlying the instant case in that the plaintiffs both received notices from the EEOC, rather than the FCHR, and the notices were received after the 180-day period. However, the court in *Woodham* was presented with a different issue. Namely, the *Woodham* defendant argued an EEOC notice constituted a 'no cause' determination, and therefore, plaintiff was limited to the administrative remedies set forth in Fla. Stat. Ann. 760.11(7). The *Woodham* Court rejected that argument, and held, "the EEOC dismissal and notice of rights form in this case does not satisfy the requirements of a 'no cause' determination under section 760.11(3) and (7)." Woodham 829 So. 2d at 897. Therefore, "Woodham was not required to make the subsection (7) request for an administrative hearing within 35 days." Id. In contrast, this Court is not presented with the issue of whether the plaintiff is limited to the administrative remedy which is the exclusive course of action for claimants who receive a 'no cause' determination. Instead, the question at issue is whether the EEOC notice – which the Florida Supreme Court has held does not constitute a 'no cause' determination – is sufficient to trigger the one-year statute of limitations period set forth in

Fla. Stat. Ann. 760.11(8)(b), as opposed to the four-year statute of limitations period applicable to general statutory violations.

The Court should rely on the decision in *Joshua* in answering this question in the negative. In 2000, the Supreme Court of Florida issued its opinion in *Joshua*, holding, that when the FCHR fails to make any determination within the allotted 180 days, the employee's claim is subject to the four-year statute of limitations period set forth in Fla. Stat. Ann. § 95.11. Joshua v. City of Gainesville, 768 So. 2d 432 (Fla. 2000). The Court recognizes that this case is distinguishable from *Joshua* in the sense that the Plaintiff in this matter received a notice from the EEOC, while there is no mention if an EEOC notice in *Joshua*. Nonetheless, the reasoning of the Court in *Joshua* is applicable here where the EEOC letter fails to provide notice of the specific issues which the statutory language requires. Specifically, the *Joshua* court stated, "[t]he Act demonstrates the Legislature's intent that one claiming a deprivation under its terms would have the Commission make a preliminary reasonable cause determination, notify the claimant of its findings, and **inform the claimant of the possible next steps that can be taken**." Id. at 439 (emphasis added). Further, in rejecting the defendant's argument that the shorter one-year statute of limitations applied, the Court found that where the FCHR has failed to provide such notice, "[a] claimant should not be penalized for attempting to allow a government agency to do its job." Id. Accordingly, holding that the Plaintiff in this matter, who received no notice of her "possible next steps" as specifically required by the statute, is subject to the shorter one-year statute of limitations period triggered by such notice, would frustrate "the legislative intent [] to uproot discrimination." Id. As stated in section 760.01(3), the Florida Civil Rights Act "shall be construed according to the fair import of its terms and shall be liberally construed to further the

13

general purposes stated in this section and the special purposes of the particular provision involved." Fla. Stat. 760.01(3).

In White v. City of Pompano Beach, 813 So. 2d 1003, 1007 (Fla. Dist. Ct. App. 2002), the court held, where the plaintiff received a notice issued by the EEOC advising that the commission was unable to conclude whether a violation occurred, which "did not specify the options White had available under the Act upon dismissal of his case by the commission," a four-year statute of limitations applied to White's claims. Id.; See also Santini v. Cleveland Clinic Fla., 843 So. 2d 1029, 1033, n. 4 (Fla. Dist. Ct. App. 2003)(holding, where the commission "fails either to conclude or to determine whether there is reasonable cause on any complaint," "the aggrieved person then would have four years to sue under section 95.11(3)(f)"); McCarty v. Navy Fed. Credit Union, No. 3:20CV5988-TKW-EMT, 2021 WL 5033496, at *1 (N.D. Fla. Mar. 18, 2021)("The Court agrees with Plaintiff based on *White v. City of Pompano Beach*, in which a Florida appellate court squarely addressed the issue framed by Defendant's motion and held that an 'unable to conclude' determination by the EEOC does not equate to a 'cause' determination by the FCHR, so the plaintiff had four years (not one year) to file suit"); Luke v. Residential Elevators, Inc., No. 4:10-CV-00524-SPM, 2011 WL 311370, at *5 (N.D. Fla. Jan. 28, 2011)("A plaintiff bringing a cause of action to civil court after the Commission fails to make a determination within 180 days must comply with a four year limitations period").

Accordingly, Defendant's argument that a one-year statute of limitations applies to the Plaintiff's claims should be rejected and its motion to dismiss on those grounds should be denied based upon the binding opinions in Joshua v. City of Gainesville, 768 So. 2d 432 (Fla. 2000), White v. City of Pompano Beach, 813 So. 2d 1003, 1007 (Fla. Dist. Ct. App. 2002), and Santini v. Cleveland Clinic Fla., 843 So. 2d 1029, 1033, n. 4 (Fla. Dist. Ct. App. 2003), and the

persuasive district court opinions in McCarty v. Navy Fed. Credit Union, No. 3:20CV5988-TKW-EMT, 2021 WL 5033496, at *1 (N.D. Fla. Mar. 18, 2021) and Luke v. Residential Elevators, Inc., No. 4:10-CV-00524-SPM, 2011 WL 311370, at *5 (N.D. Fla. Jan. 28, 2011).

Thereafter, Defendant attempts to conflate a Service of Process issue with that of a Statute of Limitations defense. This, however, is inappropriate, as Defendant never raised any defenses as to the perfected Service of Process in this matter, thereby waiving any such defenses. Defendant did not move to quash service, nor did Defendant do so at the court below. The pertinent rule reads;

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
> (1) lack of subject-matter jurisdiction;
> (2) lack of personal jurisdiction;
> (3) improper venue;
> (4) insufficient process;
> (5) insufficient service of process;
> (6) failure to state a claim upon which relief can be granted; and
> (7) failure to join a party under Rule 19.
> A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed.

R. 12(b), F. R. Civ. P. (2024). Because the Defendant has failed to move to quash process the Defendant's claim that Plaintiff has failed to show good cause to have extensions of time at the court below to serve process and file Amended Pleadings, are unauthorized. The Circuit Court found for Plaintiff in allowing Plaintiff to proceed litigating the matter and in extending the pertinent deadlines for Plaintiff to effectuate process. Defendant merely attempts to revive a defense it failed to timely raise and override the will of the court below in doing so, as any such defense at this time related to the effectuated service of process is akin to an appeal of the decisions of the court below.

15

### C. Defendant's Motion to Dismiss should be denied because the Plaintiff has properly pled causes of action for race and color discrimination and retaliation .

The United States Court of Appeals for the Eleventh Circuit has stressed that courts should avoid a strict formulation of the elements of a *prima facie* case. *See Carter v. City of Miami,* 870 F.2d 578, 583 (11th Cir.1989). "In order to prove discriminatory treatment in violation of Title VII, a plaintiff must first establish a *prima facie* case of discrimination." *Coutu v. Martin County Bd. of County Comm'rs,* 47 F.3d 1068, 1073 (11th Cir.1995)[4].

Absent direct evidence of discrimination, a plaintiff can establish a *prima facie* case by showing that: (1) she is a member of a protected class; (2) she was subject to an adverse employment action; (3) she was qualified for the position held; (4) and she was replaced or treated less favorably than someone similarly situated outside of his protected class. *See Knight v. Baptist Hosp. of Miami, Inc.,* 330 F.3d 1313, 1316 (11th Cir. 2003).

As more fully described above, Plaintiff provides all of her protected classes in paragraphs no 11-21 of Plaintiff's First Amended Complaint. Plaintiff provides elements of her claims with sufficiency. Plaintiff provides several adverse employment actions taken against the Plaintiff; Here it is clear Plaintiff provides sufficient adverse employment actions suffered as a result of her protected classes, including termination within just two months of her complaints about discrimination all of which affected Plaintiff's terms of employment.

The Circuit court granted the extension of time for service of the complaint and any amendment to the complaint would relate back to the original date of the filing of the complaint. If

---

[4]Florida courts have held that decisions construing Title VII are applicable when considering claims under the Florida Civil Rights Act, because the Florida act was patterned after Title VII. *See Ranger Ins. Co. v. Bal Harbour Club, Inc.*, 549 So.2d 1005, 1009 (Fla.1989); *Florida State Univ. v. Sondel*, 685 So.2d 923, 925 n. 1 (Fla. 1d DCA 1996); *Gray v. Russell Corp.*, 681 So.2d 310, 312 (Fla.Dist.Ct.App.1996); *see also Paris v. City of Coral Gables*, 951 F.Supp. 1584, 1585 (S.D.Fla. 1995); *Kelly v. K.D. Construction of Fla., Inc.*, 866 F.Supp. 1406, 1411 (S.D.Fla. 1994).

the court disagrees, Plaintiff requests the court allow Plaintiff to amend the complaint which would relate back to the original filing under Rule 15.

Plaintiff stated a claim under both FCRA and 42 USC Section 1981, see Amended Complaint paragraphs 11-19 providing clear facts of discrimination from a supervisor and comparator evidence and even direct evidence of discrimination.

Plaintiff claims retaliation under FCRA and Section 1981 in paragraphs 20 and 21 claiming she complained about race discrimination and fired shortly thereafter. The temporal proximity in time is so close, Plaintiff shows a reasonable inference that the complaint caused the termination pleading a clear causal connection between the protected activity and her termination.

### III.  Conclusion

The Plaintiff, REYUANA GARDNER, in this matter has meritorious claims that should be adjudicated on the merits, and respectfully requests that this Honorable Court Deny Defendant's Motion to Dismiss, and Grant any other relief this Honorable Court deems just and proper.

Dated: July 12, 2024              Respectfully submitted,

*/S/ Jason Remer*
Jason S. Remer, Esq.
Florida Bar No. 0165580
jremer@rgph.law
REMER, GEORGES-PIERRE & HOOGERWOERD, PLLC
2745 Ponce Deleon Blvd
Coral Gables, FL 33134
Phone: (305) 416-5000
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 12, 2024, I electronically filed the foregoing document with the CM/ECF E-Filing Portal. I also certify that the foregoing document isbeing served this day on all counsel of record or pro se parties, either via electronic transmission of Notices generated by the CM/ECF E-Filing Portal or in some other authorized manner for those counsel or parties who are not authorized to receive such Notices.

SERVICE LIST
Jamie L. White, Esq.
Florida Bar No. 100018
Alyssa Castelli, Esq.
Fla. Bar No.: 1032306
jamie@spirelawfirm.com
alyssa@spirelawfirm.com
marcela@spirelawfirm.com
filings@spirelawfirm.com
*Attorneys for Citrus Health*

> */S/      Jason Remer*
> Jason S. Remer, Esq.
> Florida Bar No. 0165580
> jremer@rgph.law